446 A.2d 298

**COMMONWEALTH of Pennsylvania**

**v.**

**Louis A. MIELE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 1981.

Filed May 28, 1982.

198

Anthony D. Miele, Williamsport, for appellant.

Kenneth D. Brown, District Attorney, Williamsport, for Commonwealth, appellee.

Before McEWEN, MONTEMURO and SHERTZ, JJ.

McEWEN, Judge:

We here consider an appeal from a pre-trial Order which denied a motion by appellant to quash the information lodged against him. The appellant claims that a retrial would subject him to double jeopardy since the trial court had declared a mistrial during an earlier trial arising out of the same charges. We disagree and affirm the order of the eminent Lycoming County Common Pleas Court President Judge Charles F. Greevy.

The appellant was charged with driving under the influence, resisting arrest and disorderly conduct. After a jury had been sworn to try the appellant on those charges and the testimony of the two arresting police officers had been completed, a third police officer, who assisted at the scene of the arrest, offered a prejudicial remark during the course of his direct examination by the Commonwealth. The defendant moved for and the trial judge declared a mistrial. Appellant subsequently filed a motion to quash the information in which he claimed, *inter alia*, that the prejudicial remark was induced intentionally by the Commonwealth to force the defendant to request a mistrial; it is upon that basis that appellant contends a retrial would result in a violation of the double jeopardy clause. The Common Pleas Court, after a hearing, denied the motion of appellant to quash the information. This appeal followed.

Appellant here urges us to expand the definition of prosecutorial misconduct to include the misconduct of prosecution witnesses whose prejudicial remarks are contrived to cause a mistrial. While we would decline to make such an unwarranted extension of the law, we need not decide that issue for the reason that the record makes clear that the prejudicial remark in this case was not contrived.

The remark under scrutiny is set forth in the following excerpt of the testimony of the police officer during his direct examination by the Commonwealth:

Q. Did you form an opinion that evening as to the defendant's condition?

A. It was my opinion he had too much to drink. (Objection sustained).

Q. Did you form an opinion, sir?

A. Yes.

Q. And what was that opinion? (Objection overruled).

A. It's my belief that he was under the influence of alcohol, yes.

Q. And what was that based upon?

A.   His violent conduct and his strong odor of alcohol *and my previous knowledge of Mr. Miele.* (emphasis supplied).

By Mr. Miele:   I object your honor.   We move for a mistrial.   This is entirely prejudicial.   (N.T. 109–110).

While appellant focuses upon the prejudicial remark of the witness as being contrived, appellant also suggests that the prosecutor may be deemed to have been substantially certain that a mistrial would be declared as a result of the question posed.   We are compelled, therefore, to examine the fundamental principles concerning prosecutorial misconduct and double jeopardy.   As we do so, it is helpful to distinguish at the outset between the terms prosecutorial *error* and prosecutorial *misconduct.*

As a general proposition, when a mistrial is granted on the motion of a defendant, the principles of double jeopardy do not bar a subsequent prosecution even though the motion is prompted by prosecutorial error.   *Commonwealth v. Palazzo,* 275 Pa.Super. 135, 418 A.2d 649 (1980).   However, when the motion of the defendant for a mistrial is compelled by intentional error by the prosecutor aimed at inducing defendant to move for a mistrial and, the prosecution is thereby afforded another possibly more favorable opportunity to convict the defendant, the double jeopardy clause will bar a retrial.   *Commonwealth v. Mitchell,* 488 Pa. 75, 410 A.2d 1232 (1980).   Our Supreme Court has addressed the issue of what constitutes prosecutorial misconduct and adopted the standard set by the United States Supreme Court:

> The United States Supreme Court has enunciated principally two types of prosecutorial overreaching.   First there is the prosecutorial misconduct which is designed to provoke a mistrial in order to secure a second, perhaps more favorable, opportunity to convict the defendant.   *See United States v. Dinitz, supra* [424 U.S. 600] at 611, 96 S.Ct. [1075] at 1081, [47 L.Ed.2d 267 at 276].   Second, there is the prosecutorial misconduct undertaken in bad faith to prejudice or harass the defendant.   *See Lee v.*

*United States, supra* [432 U.S. 23] at 32, 97 S.Ct. [2141] at 2147, [53 L.Ed.2d 80 at 88]; *United States v. Dinitz, supra* at 611, 96 S.Ct. at 1081–82, [47 L.Ed.2d 267 at 276]. In contrast to prosecutorial error, overreaching is not an inevitable part of the trial process and cannot be condoned. It signals the breakdown of the integrity of the judicial proceeding, and represents the type of prosecutorial tactic which the double jeopardy clause was designed to protect against.

*Commonwealth v. Starks*, 490 Pa. 336, 342, 416 A.2d 498, 500 (1980); *See also Commonwealth v. Lee*, 490 Pa. 346, 416 A.2d 503 (1980); *Commonwealth v. Clark*, 287 Pa.Super. 380, 430 A.2d 655 (1981).

■ Upon review of a pretrial motion to dismiss on double jeopardy grounds, we will affirm unless the record supports a finding of prosecutorial overreaching. *Commonwealth v. Clark, supra*, 287 Pa.Super. at 391, 430 A.2d at 655; *Commonwealth v. Perry*, 270 Pa.Super. 412, 416, 411 A.2d 786, 788 (1979).

The law is clear that the prohibited overreaching or prosecutorial misconduct applies only to acts of the prosecutor himself. *See Commonwealth v. Palazzo, supra*, (double jeopardy clause did not bar retrial of the defendant after a mistrial had been granted following prejudicial remarks by a defense witness during cross examination since there was no indication that the prosecution had sought to abort the trial); *See also Commonwealth v. Mitchell, supra*, (double jeopardy clause did not bar retrial after mistrial declared where, in response to question of the prosecutor intended to elicit information supporting the reliability of the witness's identification of the defendant, the witness made reference in the presence of the jury to a prior conviction of the defendant).

■ An examination of the record, which includes a transcript of the trial as well as of the hearing on the motion to quash, compels the conclusion that the prosecutor did not induce the prejudicial remark or otherwise overreach or engage in prosecutorial misconduct.

We further conclude from that study of the complete record that the prejudicial remark of the police officer during his testimony as a Commonwealth witness was not a contrived utterance. We do not accept the contention of appellant that the prejudicial remark "by this witness, a court-wise police officer, to such a simple question was intended to be overreaching." (Brief of appellant at p. 14). Rather, the utterance of the witness was quite inadvertent. We share the view of the distinguished Judge Kenneth H. Koch, who presided over the trial and was moved to declare after the remark was made, "I have no doubt about it, and I want the record to make clear that there was no doubt about it, that I think it was unintentional." (N.T. 117–18).

Order affirmed.

SHERTZ, J., did not participate in the consideration or decision of this case.