701 A.2d 1334

COMMONWEALTH of Pennsylvania, Appellee,

v.

Lisa M. HOCKENBURY, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 12, 1996.

Decided Sept. 18, 1997.

Zappala, J., filed dissenting opinion in which Nigro, J., joined.

528

Peter T. Campana, Michael C. Morrone, Williamsport, for Lisa M. Hockenbury.

Thomas A. Marino, Dist. Atty., Kenneth A. Osokow, Asst. Dist. Atty., for the Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

CAPPY, Justice:

This is an appeal by allowance from the opinion and order of the Superior Court reversing the order of the Court of Com-

mon Pleas of Lycoming County. We granted allowance of appeal in this matter to determine whether the Lycoming County prosecution of Lisa M. Hockenbury ("Appellant") is barred under either §§ 109 or 110 of the Pennsylvania Crimes Code, or the double jeopardy clause of either the United States Constitution or the Pennsylvania Constitution. For the reasons that follow, we hold that the Lycoming County prosecution is not barred and therefore affirm the order of the Superior Court.

The facts relevant to this appeal are as follows.[1] On January 24, 1992, Appellant sold 34 pieces of jewelry to G.M. Jewelry Enterprise ("G.M. Jewelry") in Harrisburg, Dauphin County. Appellant's name and correct address appeared on the receipt issued by the jeweler. Apparently suspecting the jewelry may have been stolen, the jeweler contacted the police in Dauphin County, who in turn sent a copy of the receipt to Pennsylvania State Police Officer Charles Snyder ("Officer Snyder") in Lycoming County.

Officer Snyder contacted Betty Sue Bird ("Bird"), a victim of a burglary that occurred in Lycoming County on December 18, 1990. On January 29 and 30, 1992, Bird travelled to Harrisburg and identified the 34 pieces of jewelry as among those stolen from her residence over a year earlier. The total value of the over 300 pieces of jewelry stolen from the Bird residence in 1990 was in excess of $16,300.00. The record does not indicate that anyone has ever been charged with the Bird burglary.

On February 3, 1992, Officer Snyder went to the Hockenbury residence in Lycoming County to question Appellant about the sale to the Harrisburg jeweler and to ask if she knew the whereabouts of the remaining jewelry stolen from the Bird residence. Appellant first denied having sold the jewelry in Harrisburg; she then admitted that she sold the

---

1. At a hearing on February 16, 1993, counsel stipulated that the trial court would determine the motion to dismiss the Lycoming County charges on evidence from the facts as set forth in the affidavit for probable cause, filed 4/14/92, testimony from the preliminary hearing on 5/27/92 and a pre-trial hearing held on 7/31/92, and facts as set forth in Appellant's omnibus pre-trial motion, filed 8/5/92.

jewelry, but denied that she had stolen it. She told Officer Snyder that it had belonged to her grandfather who had died several weeks before Officer Snyder contacted Appellant. Appellant contended that she had taken the jewelry, without her mother's knowledge, from its storage place in her grandfather's car and had sold it.

On April 12, 1992, Betty Stadt ("Stadt"), Bird's mother, attended a porch sale at the Hockenbury residence which was conducted by Appellant's mother.[2] Stadt requested to see any additional jewelry that was for sale. Appellant's mother then went to a car parked in the driveway, later determined to belong to her deceased father, and retrieved additional jewelry. Stadt purchased an item of jewelry which she recognized as having been stolen during the 1990 Bird burglary. Stadt later informed Officer Snyder of the events at the porch sale. A search warrant was issued for the Hockenbury residence and the car in the driveway. The search revealed more than 280 pieces of jewelry which Bird identified as having been taken from her bedroom in the 1990 burglary.

A criminal complaint charging Appellant with receiving stolen property was filed in Lycoming County on April 14, 1992. On May 27, 1992, a preliminary hearing was held on the charge, and the district justice determined that there was sufficient evidence to hold the matter for trial. A bill of information was filed against Appellant on June 11, 1992. On August 14, 1992, the Commonwealth filed a bill of particulars alleging that Appellant received stolen property "which was purchased at the Hockenbury residence on April 12, 1992, and/or which was seized from the residence ... on April 12, 1992."

On August 26, 1992, a criminal complaint was filed against Appellant in Dauphin County, charging her with receiving stolen jewelry, valued at $2,520.00, and disposing of it to G.M. Jewelry in Harrisburg on January 24, 1992. A preliminary hearing was held in Dauphin County on October 8, 1992, and a criminal information was filed on November 25, 1992.

**2.** Nothing in the record indicates that Appellant was present at any time on April 12, 1992.

On January 5, 1993, Appellant appeared in the Court of Common Pleas of Dauphin County and entered a plea of guilty to receiving stolen property. She was given a sentence of twenty-one months probation, and ordered to reimburse G.M. Jewelry in the amount of $535.00.

One week later, on January 12, 1993, Appellant filed a motion to dismiss the Lycoming County criminal information, claiming that the Lycoming County charge constituted a second prosecution for the same offense. The trial court granted Appellant's motion to dismiss the Lycoming County charges on the grounds that she had already pled guilty to and been sentenced for receiving stolen property in Dauphin County. The trial court held that the prosecution was barred by the Fifth Amendment of the United States Constitution, Article I, § 10 of the Pennsylvania Constitution, and 18 Pa.C.S. §§ 109 and 110. The Superior Court reversed the trial court. We granted allocatur to determine whether the Lycoming County prosecution is barred under either §§ 109 or 110 of the Pennsylvania Crimes Code, or the double jeopardy clause of either the United States Constitution or the Pennsylvania Constitution. For the reasons that follow, we now affirm.[3]

The first issue presented for our review is whether the Lycoming County prosecution is barred by section 109 of the Crimes Code. That statute states in pertinent part that "[w]hen a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as the former prosecution, it is barred by such a former prosecution where.... (3) The former prosecution resulted in a conviction." 18 Pa.C.S. § 109. The requirement that the former prosecution result in a conviction is met by Appellant's guilty plea in Dauphin County. Furthermore, the Commonwealth concedes that the same provision of the statutes, namely 18 Pa.C.S. § 3925, is involved in both the Dauphin County and Lycoming County prosecutions. Brief for the Commonwealth

---

3. In examining this issue, our scope of review is plenary, as it is with any review of questions of law. *See Commonwealth v. Morley,* 545 Pa. 420, 424 n. 2, 681 A.2d 1254, 1256 n. 2 (1996).

at 3. Thus, the only point at issue in our analysis of § 109 is whether the two prosecutions are based upon the same facts.

Appellant asserts that "the same facts" requirement is met here because the Lycoming County prosecution, like the Dauphin County prosecution, would attempt to prove that the 280 items of jewelry were stolen from the Bird residence during the 1990 robbery. We agree that both prosecutions have this fact in common; yet, there are many facts which the two prosecutions do not share. For example, the prosecutions involve different property possessed in different counties on different dates. Thus, the only way we could accept Appellant's contention that the requirements of § 109 are met in this matter would be to alter the "same facts" requirement to read that only *some* facts need be in common. We decline to so alter the plain meaning of the statute and therefore deny Appellant relief on her § 109 claim.

█ Next, Appellant asserts that she is entitled to relief pursuant to 18 Pa.C.S. § 110(1)(ii).[4] That section of the Crimes Code states in pertinent part that:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such a former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction as defined by section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> >
> > . . . .
> >
> > > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;

**4.** Appellant does not present any arguments as to § 110(1)(i) or (iii).

. . . .

Section 110(1)(ii) can be parsed into four requirements: first, the former prosecution must have resulted in an acquittal or a conviction; second, the instant prosecution is based on the same criminal conduct or arose from the same criminal episode as the former prosecution; third, the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and fourth, the instant charges and the former charges were within the jurisdiction of a single court.

There is no question that the first requirement was satisfied here when Appellant pled guilty in Dauphin County. *See Commonwealth v. Bracalielly,* 540 Pa. 460, 470, 658 A.2d 755, 760 (1995) (for purposes of conducting a § 110 review, a guilty plea constitutes a conviction). The requirement that the instant prosecution be based on the same criminal episode as the former prosecution, however, cannot be met here.

The two seminal cases discussing the "same criminal episode" requirement are *Bracalielly, supra,* and *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983). To determine whether various acts constitute a single criminal episode, we must examine two factors: first, the logical relationship between the acts; and second, the temporal relationship between the acts. *Hude,* 500 Pa. at 494, 458 A.2d at 183. In determining whether the "logical relationship" prong of the test has been met, we are cautioned "that a mere de minimis duplication of factual and legal issues is insufficient to establish a logical relationship between the offenses. Rather what is required is a substantial duplication of issues of law and fact." *Bracalielly,* 540 Pa. at 472, 658 A.2d at 761.

The requirement that the two prosecutions be based on the "same criminal episode" cannot be met here. As noted by the Superior Court below, the only common "criminal episode" is that the source of the jewelry is allegedly the 1990 burglary, a crime of which Appellant has not been charged. There is no evidence that Appellant possessed the 280 pieces of jewelry, which were taken out of her grandfather's car in April of 1992,

when she sold 34 pieces three months later in Dauphin County. Furthermore, the prosecution in Dauphin County was not premised on her possession of those 280 pieces of jewelry. The evidence does not show that the two offenses are linked by time or location. We thus agree with the conclusion of the Superior Court below that possession and sale of stolen property in January of 1992 in Dauphin County is a separate criminal episode from the receipt of entirely different stolen property in April of 1992 in Lycoming County.[5] Thus, § 110(1)(ii) does not bar the Lycoming County prosecution.

■ Appellant next asserts that the Lycoming County prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. That constitutional provision protects an individual against successive punishments and successive prosecutions for the same criminal offense. See *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

The trial court granted Appellant relief on this issue. It determined that the Lycoming County prosecution could not be sustained without proof of facts that were also used in the Dauphin County prosecution; thus, it believed that this overlap in proof constituted a double jeopardy violation.

We decline to adopt the reasoning of the trial court. The United States Supreme Court explicitly stated that an overlap in proof offered in two prosecutions does not constitute a double jeopardy violation. *United States v. Felix*, 503 U.S. 378, 386, 112 S.Ct. 1377, 1382, 118 L.Ed.2d 25, 34 (1992). The Court rejected the notion that where "the Government offers in evidence in one prosecution acts of misconduct that might ultimately be charged as criminal offenses in a second prosecution, the latter prosecution is barred under the Double Jeopardy Clause." *Id.* at 386, 112 S.Ct. at 1382, 118 L.Ed.2d at 33–34.

5. As we have determined that the second prong of § 110(1)(ii) has not been met in this matter, there is no need for us to examine whether the third and fourth prongs were met.

In her brief to this court, Appellant argues that she is entitled to relief on this claim because she has met the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* dictates that where the same criminal offense constitutes a violation of two distinct statutory provisions, the test to be applied is whether each offense contains an element not contained in the other. *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.[6]

Appellant notes that she is being prosecuted in Lycoming County for a violation of 18 Pa.C.S. § 3925, the same statute under which she was charged in Dauphin County; she quite rightly concludes that the prosecution in Lycoming County is for an offense which has statutory elements identical to the offense for which she was convicted in Dauphin County. Yet, she mistakenly assumes that she is thus entitled to relief. Double jeopardy does not forbid the Commonwealth from prosecuting a defendant at a second prosecution simply because that defendant had earlier been convicted of violating that same statutory provision. The additional necessary element is that the two prosecutions must arise out of the same criminal offense. In this matter, the prosecutions are based on different criminal offenses. As discussed above, the facts of record in this matter establish that there are two different criminal acts, occurring in two different counties at different

**6.** At the time the trial court issued its opinion, the *Blockburger* holding was augmented by *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *Grady,* the Court held that in addition to passing the *Blockburger* test, a subsequent prosecution must also satisfy the "same conduct" test. The "same conduct" test dictated that a subsequent prosecution will be barred if, in order to prove an essential element of that subsequent prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been convicted. *Id.* at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. "This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove the conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing the same evidence in a subsequent proceeding." *Id.*

After a mere three years of existence, *Grady* was abandoned by the Supreme Court as being "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." *United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (1993).

times.[7]  We conclude that the Lycoming County prosecution does not constitute prosecution for the "same criminal offense" as was at issue in the Dauphin County prosecution; therefore, the Lycoming County prosecution will not offend the federal Double Jeopardy Clause.

■  Appellant's final contention is that even if her claim under the United States Constitution fails, she is still entitled to relief under the Pennsylvania Constitution.  She argues that Article I, § 10 of the Pennsylvania Constitution provides greater protection than the Double Jeopardy Clause of the Fifth Amendment.  Appellant asserts that this level of greater protection is synonymous with the "same conduct" test announced in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *overruled by United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).[8]

In order for Appellant's position to be vindicated, we must determine that there are adequate and independent state grounds which establish that the constitution of our Commonwealth provides greater rights to our citizens than they enjoy under the federal constitution.  *Commonwealth v. Edmunds*, 526 Pa. 374, 390, 586 A.2d 887, 895 (1991).

Appellant relies primarily on two bases to support her argument that the Pennsylvania double jeopardy provision is coextensive with the *Grady* "same conduct" test.  First, she states that this court in *Commonwealth v. Smith*, 532 Pa. 177, 615 A.2d 321 (1992) determined that the double jeopardy clause of the Pennsylvania Constitution was broader than its federal analogue.

In *Smith*, the defendant's first trial was rife with intentional and egregious prosecutorial misconduct.  We held that while it was uncertain if the federal Double Jeopardy Clause would

7.  First, Appellant was charged with receiving stolen property in Dauphin County where she possessed and sold the 34 pieces of jewelry in January of 1992.  Second, Appellant was charged with receiving stolen property in Lycoming County based on the 280 pieces of jewelry which were seized from her house in April of 1992.

8.  See footnote 6, *supra*, for a discussion of the *Grady* "same conduct" test.

bar re-trial, Article I, § 10 certainly posed a bar. *Id.* at 186, 615 A.2d at 325.[9]   In making the determination that in that particular instance the constitution of our Commonwealth provided broader protection than the federal Constitution, we emphasized the egregious nature of the conduct of the prosecution.   We reasoned that the Commonwealth's

> [d]eliberate failure to disclose material exculpatory physical evidence during a capital trial, intentional suppression of the evidence while arguing in favor of the death sentence on direct appeal, and investigation of [a police officer's] role in the production of the evidence rather than its own role in the suppression of evidence constitute prosecutorial misconduct such as violates all principles of justice and fairness embodied in the Pennsylvania Constitution's double jeopardy clause.

*Id.* at 183, 615 A.2d at 324.

Reliance on *Smith* does not avail Appellant.   The prosecution in *Smith* deliberately suppressed exculpatory evidence where a man was on trial for his life and persecuted the police officer who attempted to bring that evidence to light. *Id.* at 181–182, 615 A.2d at 323.   The heinousness of the Commonwealth's actions in that case persuaded us that although it was not certain if the federal Double Jeopardy Clause would bar the defendant's retrial, the Pennsylvania Constitution did.   In the matter *sub judice,* however, no such egregious or heinous action on the part of the Commonwealth is alleged and therefore *Smith* does not control.

We recognize that although a matter may not fit squarely within the holding of an earlier case, that earlier case may still be sufficiently analogous so as to provide guidance in deciding a matter at bar.   Yet, such is not the situation here.   As stated above, the engine that drove the *Smith* decision was the presence of overwhelming and egregious prosecutorial miscon-

**9.** Although *Smith, supra,* supports the proposition that the double jeopardy clause of the Pennsylvania Constitution provides broader protections than provided by the Double Jeopardy Clause of the United States Constitution, we have also stated the contrary view that the two constitutional provisions are co-extensive. *See, e.g., Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978).

duct, a species of prosecutorial misconduct that is undeniably absent from the matter before us. None of the peculiar concerns attendant to a case concerning overwhelming prosecutorial misconduct are present in the matter *sub judice*. We thus find that Appellant's leap from the statement that *Smith* held that our state double jeopardy provision bars re-trial where the first trial was riddled with intentional, gross, prosecutorial misconduct to the conclusion that this Commonwealth's double jeopardy provision should be expanded to encompass the *Grady* "same conduct" test is tantamount to a non sequitur. We therefore do not agree with Appellant that *Smith* vindicates Appellant's position.

As a second basis to support her view that the Pennsylvania Constitution affords her broader rights than the federal constitution, Appellant cites to this author's dissenting opinion in *Commonwealth v. Caufman*, 541 Pa. 299, 662 A.2d 1050 (1995). First, we note that the positions espoused in that opinion did not sway the members of this court and therefore are not of precedential value. Furthermore, although Appellant quotes extensively from that opinion, it is unclear how it bolsters her position. This author did indeed express the belief that the Pennsylvania double jeopardy clause provides greater protection than its federal counterpart. Yet, that dissenting opinion did not state that such broader protection was synonymous with the test announced in *Grady, supra*. Rather, it declared that Article I, § 10 provided similar protections to those afforded by 18 Pa.C.S. § 110. *Id.* at 318, 662 A.2d at 1060. This position provides no relief for Appellant. Even if a majority of this court were to adopt this author's position that the requirements of § 110 have constitutional dimensions, such a holding would avail Appellant naught for we have determined that § 110 does not bar the Lycoming County prosecution.

We conclude that Appellant has failed to present a persuasive argument as to the existence of "adequate and independent state grounds" which would justify interpreting this Commonwealth's double jeopardy provision as being synonymous with the *Grady* "same conduct" test. Furthermore, our

own independent review of this matter has not uncovered any persuasive arguments as to why this Commonwealth's constitutional double jeopardy protection should be in lock-step with the overruled *Grady* opinion. We therefore deny Appellant relief on her last issue.[10]

For the reasons stated herein, we affirm the order of the Superior Court.

ZAPPALA, J., files a dissenting opinion in which NIGRO, J., joins.

ZAPPALA, Justice, dissenting.

I must respectfully dissent. Since the jewelry was taken in a single burglary, and the prosecutions are the result of a single investigation, I cannot agree with the Majority's characterization that the charges against Appellant either were born from substantially different facts or were the result of separate criminal episodes. I believe that the Majority errs by focusing on the double jeopardy issue without looking at that issue in light of the specific crime Appellant is accused of committing. Additionally, the Majority fails to see that the Commonwealth is not justified in subjecting Appellant to be

10. As a final note, we believe that even if the *Grady* "same conduct" test were applied to this matter, the Lycoming County prosecution would still not be barred. As stated at footnote 6, *supra*, the *Grady* "same conduct" test "is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the state will prove, not the evidence the State will use to prove the conduct." *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

Appellant apparently is of the belief that the fact that both prosecutions would point to the 1990 Bird robbery as the source of the stolen property mandates that the Lycoming County prosecution is barred under the *Grady* test. Yet, the Supreme Court in fashioning *Grady* was explicit in stating that merely because two prosecutions have an overlap in proof does not mean that the subsequent prosecution will be barred. The key inquiry is what conduct the prosecution will prove. *Id.* As we have discussed *supra*, the Lycoming County prosecution and the Dauphin County prosecution concern different stolen property possessed at different times in different locations. Thus, the Commonwealth is not trying to prove the "same conduct" in the Lycoming County prosecution as was at issue in the Dauphin County prosecution. Therefore, we believe that the "same conduct" test could not be met here even if we were to adopt *Grady* as the constitutional standard for our Commonwealth.

twice placed in jeopardy of her liberty simply because the criminal conduct crossed a county line.

According to the Majority, the reason that the Lycoming County prosecution is not barred under 18 Pa.C.S. § 109 is that "the same facts" requirement is not met. The Majority tests whether the Lycoming County prosecution would show *any* facts which differed from those involved in the preceding prosecution. However, the statutory language requires a bar when both prosecutions are "based upon the same facts...." 18 Pa.C.S. § 109. I do not agree that the Commonwealth can introduce superfluous facts into either prosecution and thereby evade the clear purpose of this statute. That the criminal conduct occurred in separate counties is not an issue here since the same substantive law applies. A single Pennsylvania State Trooper conducted the investigation into Appellant's criminal conduct.[1] So intertwined is the criminal conduct that the affidavit supporting the search warrant allowing the balance of the jewelry to be recovered in Lycoming County lists the Dauphin County sale as probable cause. Both prosecutions are based on the same facts for the purposes of 18 Pa.C.S. § 109.[2]

1. In *Commonwealth v. Bracalielly*, 540 Pa. 460, 475, 658 A.2d 755, 762 (1995), this Court observed that:

The critical factor which distinguishes this case from *Hude* and mandates the conclusion that the transactions in Butler County and Allegheny County were not part of the same criminal episode is the *independent* involvement of two distinct law enforcement entities, for it prevents the substantial duplication of issues ... of fact required under *Hude* for the transactions to be deemed logically related. Such duplication of witnesses and facts would be the exact result in the present case since this investigation was conducted by a single Pennsylvania State Trooper.

2. The Commonwealth has brought separate third degree felony charges against Appellant, the most severe grading allowed, based on the fact that the aggregate value of the jewelry found in Lycoming County exceeded $2,000 and the aggregate value of the jewelry in Dauphin County also exceeded $2,000. If the Commonwealth can divide the charges based on the location of the property, then presumably it could also have charged Petitioner separately for the jewelry found in the automobile and that found in Petitioner's closet. Conversely, a wily criminal could avoid felony charges by dividing the stolen property into lots valued at less than $2,000 and storing or disposing of each lot in a different county.

The Majority also determines that the Lycoming County prosecution is not barred by 18 Pa.C.S. § 110 because that prosecution is based on a separate criminal episode. This analysis is flawed because it fails to address § 110 in light of the definition of the offense.

   **(a) Offense defined.**—A person is *guilty of theft* if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

   **(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S. § 3925 (Receiving Stolen Property) (emphasis added).

The suggestion that Appellant should be prosecuted once for retaining part of the jewelry in one county and prosecuted again for selling the rest of the jewelry in another county ignores the intention of this statute. Receiving, possessing, and disposing of stolen property are not separate crimes. Instead, these acts are merely indicia that "[a] person is guilty of theft." By allowing Appellant to be prosecuted separately for possessing stolen property and disposing of stolen property, the Majority has created three distinct crimes, where there was formerly only one. Now defendants could face separate charges for receiving, possessing, and disposing of the same stolen property. This flies in the face of common sense and the plain meaning of 18 Pa.C.S. § 3925.[3]

   The purpose of aggregating the worth of the separate pieces is to create a single charge with an appropriately graded punishment. The Commonwealth, however, does precisely the opposite, doubling the punishment based on what amounts to an arbitrary division of the property.

**3.** The Majority's analysis would permit Appellant to be tried for multiple crimes, where the original thief may only be charged for one offense. This would be the common law equivalent of making an accessory after the fact even more culpable than the original perpetrator. That of course was not the law in the past, as the accessory after

This error is compounded by the Majority's misapplication of *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983). It is inconceivable that the possession and the disposal of goods, which were stolen from the same owner at the same time, may somehow not be temporally and logically connected. Not only are they so connected that the legislature included them both in the same statute as indicia of theft, they are the continuation of the same purpose and act. Surely a person cannot dispose of goods without possessing them, and likewise a person seeking to profit from such criminal activity would need to dispose of the goods at some point. Temporally, the existence of a break in time between the possession and the moment when control is relinquished in the act of disposal is impossible.

If, as the Majority expounds, there is no evidence that Appellant possessed the 280 pieces of jewelry that were taken out of her grandfather's car in April at the same time as she sold the 34 pieces in Dauphin County, then the Commonwealth has failed to maintain its burden in overcoming the motion to dismiss. To find that Appellant must present such evidence is an improper shift of the burden of proof from the Commonwealth to Appellant. The Commonwealth again relies on the fact that the criminal conduct continued over a county line. This does nothing to further the Commonwealth's argument here, since the *Hude* test makes no provision for geographic separation. Nor should this Court broaden the *Hude* test to include such geographic separation, since it would not affect the underlying rationale of *Hude*, which is to "protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from

the fact was equally culpable to the original perpetrator. This purpose is carried forth in the language of the current codification which makes one guilty of theft despite the means used to that purpose. "Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, . . . ." 18 Pa.C.S. § 3902. Included in the same chapter are statutes governing theft by unlawful taking, theft by failure to make required disposition of funds received, retail theft, and receiving stolen property. This codification removes the previous distinctions such as larceny and misappropriation and in their stead unifies them into the single crime of theft.

the same criminal episode," as well as "a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation." *Id.* at 489, 458 A.2d at 180.

Finally, underlying the above issues is the mistaken notion that even if the criminal activity consisted of separate criminal episodes, it would fail to be under the jurisdiction of a single common pleas court. This issue was addressed in the opinion announcing the judgment of the Court in *Commonwealth v. McPhail,* 547 Pa. 519, 692 A.2d 139 (1997). The majority sidesteps this issue. The common pleas courts of both counties had jurisdiction over the theft charges.

Since the issue of Appellant's guilt was adjudicated and sentence passed in Dauphin County, the Lycoming County common pleas court properly granted Appellant's motion to dismiss. Accordingly, I would reverse the order of the Superior Court and reinstate the order of the Court of Common Pleas of Lycoming County.

NIGRO, J., joins this Dissenting Opinion.