J-S05024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANKIE WILLIE MAINES, | |
| Appellant | No. 584 MDA 2015 |

Appeal from the Order March 27, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001399-2014

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 02, 2016**

Appellant, Frankie Willie Maines, brings this interlocutory appeal from the order of the Court of Common Pleas of Centre County that denied her motion to bar retrial on double jeopardy grounds after the trial court granted a mistrial.  This case returns to us after we remanded to have the trial court comply with Pa.R.Crim.P. 587(B) to clarify whether this Court has appellate jurisdiction.  We conclude that we have appellate jurisdiction and affirm.

The trial court summarized the procedural history of this case as follows:

> [Appellant] was charged with one count of Criminal Conspiracy to Commit Burglary (graded as a second degree felony); three counts of Criminal Conspiracy to Commit Criminal

---

[*]  Retired Senior Judge assigned to the Superior Court.

Trespass (graded as a second degree felony); two counts of Criminal Conspiracy to Commit Burglary (graded as a third degree felony); one count of Corruption of Minors (graded as a first degree misdemeanor); one count of Receiving Stolen Property (graded as a second degree misdemeanor); three counts of Criminal Conspiracy to Commit Theft (graded as second degree misdemeanors); and one count of Driving While Operating Privilege is Suspended or Revoked (graded as a summary offense). On December 8, 2014, [Appellant] selected a jury in this matter. [Appellant and the Commonwealth] filed pre-trial Motions in Limine, and a hearing was held on January 5, 2015. [On January 6, 2015, the trial court issued an order pertaining to the motions *in limine*.[1]]

Trial commenced on January 8, 2014. During [Appellant's] cross-examination, the Commonwealth engaged in a line of questioning designed to bring out information regarding [Appellant's] pending Driving Under Suspension charge and/or the status of her operating privileges, a violation of a ruling issued by this Court. [Appellant] moved for a mistrial, which this Court granted.

[Appellant] filed the instant Motion[2] on January 29, 2015. A hearing was held on March 12, 2015.

Trial Court Opinion, 3/27/15, at 1-2 (footnotes added).

_____

[1] The trial court's order of January 6, 2015, addressed the motions *in limine* filed by both the Commonwealth and Appellant. Of interest in this appeal is the granting of a motion *in limine* precluding the Commonwealth from any mention or use of Appellant's pending charge of the summary offense of driving with a suspended license.

[2] Appellant's motion was titled: "Motion to Bar Re-Trial/Motion to Dismiss (Violation of Double Jeopardy Protections)/Motion for Judgment of Acquittal After Discharge of Jury Without Agreeing Upon a Verdict Pursuant to Pennsylvania Rules of Criminal Procedure 606(a)(3) Nunc Pro Tunc/Motion for Judgment of Acquittal After Discharge of Jury Without Agreeing Upon a Verdict Pursuant to Pennsylvania Rules of Criminal Procedure 608(a)(2) Nunc Pro Tunc."

On March 27, 2015, the trial court denied Appellant's motion in a single order and accompanying opinion. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On March 16, 2016, this Court filed a judgment order that remanded this matter to have the trial court comply with Pa.R.Crim.P. 587(B), and to file a supplemental Pa.R.A.P. 1925(a) opinion.[3] On April 1, 2016, the trial court filed an order in accordance with our directive and specifically determined "that [Appellant's] Motion to Dismiss **is not frivolous**." Order, 4/1/16, at 1 (emphasis added). In addition, the April 1, 2016 order advised Appellant of her appellate rights. Also on April 1, 2016, the trial court filed a supplemental Pa.R.A.P. 1925(a) opinion. We are satisfied that the trial court has fulfilled our prior mandate to comply with Pa.R.Crim.P. 587(B), and we have jurisdiction to entertain Appellant's appeal. ***See Commonwealth v.***

_____

[3] Specifically, our judgment order directed the following:

> Here, our review of the record reveals the trial court failed to render a specific finding on the record regarding frivolousness, as required under Pa.R.Crim.P. 587(B)(4). Thus, the trial court failed to comply with Pa.R.Crim.P. 587(B)(4) through (6). Because the trial court failed to fully comply with Pa.R.Crim.P. 587(B), we are unable to determine whether we may exercise jurisdiction over this appeal. Therefore, we remand this matter to the trial court for compliance with Pa.R.Crim.P. 587(B) and preparation of a supplemental Pa.R.A.P. 1925(a) opinion within sixty days of the date of this judgment order. Upon the filing of a supplemental opinion, the certified record is to be promptly returned to this Court.

Judgment Order, 3/16/16, at 2.

*Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015) (stating "orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous").

Appellant presents the following issue for our review:

> I. Should re-Trial be barred under the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution because the prosecution intentionally and deliberately violated a pre-Trial ruling on a Motion *in Limine*, attempted to elicit testimony that Appellant's driving privileges were under suspension at the time of the alleged incident when she was driving, and provoked Appellant into moving for a mistrial, which the Trial Court granted?

Appellant's Brief at 4 (verbatim).

In her sole issue, Appellant argues that the trial court erred in denying her motion to bar her retrial. Appellant's Brief at 11-20. Appellant contends that because her first trial ended in mistrial after the prosecutor asked Appellant a question during cross-examination, which was precluded by the granting of a motion *in limine*, a retrial would be a violation of her rights against double jeopardy.

Appellant's issue invokes the protections afforded by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as well as Article I, Section 10 of the Pennsylvania Constitution.[4] As such, our scope and standard of review are as follows:

---

[4] The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of

*(Footnote Continued Next Page)*

An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*.

***Commonwealth v. Vargas***, 947 A.2d 777, 780 (Pa. Super. 2008) (citations omitted).

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense."

***Oregon v. Kennedy***, 456 U.S. 667, 679 (1982). The United States Supreme Court has long explained that this policy of finality in criminal proceedings is based upon the concept that:

> [t]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

***Green v. United States***, 355 U.S. 184, 187 (1957).

The Pennsylvania Supreme Court has explained that the Pennsylvania Constitution provides parallel protections:

> [T]he double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is

_(Footnote Continued)_ ———————————

life or limb." Similarly, Article I, Section 10 of the Pennsylvania Constitution states in relevant part, "No person shall, for the same offense, be twice put in jeopardy of life or limb[.]"

intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

***Commonwealth v. Smith***, 615 A.2d 321, 325 (Pa. 1992).[5]

As a general rule, when an event prejudicial to the defendant occurs during trial, a defendant may move for a mistrial at the time the prejudicial event is disclosed. ***Commonwealth v. Kelly***, 797 A.2d 925, 936 (Pa. Super. 2002). Indeed, it has long been recognized that "[t]he determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled." ***Commonwealth v. Stewart***, 317 A.2d 616, 619 (Pa. 1974).

"The double jeopardy proscription does not mean . . . that the government is barred from retrying an accused every time an earlier proceeding is terminated prior to judgment." ***Commonwealth v. Clark***, 430 A.2d 655, 659 (Pa. Super. 1981) (citation omitted). Likewise, "[w]hen

---

[5] In ***Commonwealth v. Hockenbury***, 701 A.2d 1334 (Pa. 1997), the Pennsylvania Supreme Court noted that ***Smith*** "supports the proposition that the double jeopardy clause of the Pennsylvania Constitution provides broader protections than provided by the Double Jeopardy Clause of the United States Constitution . . . ." ***Hockenbury***, 701 A.2d at 1339 n.9. However, the ***Hockenbury*** Court clarified that ***Smith*** involved a case where "the defendant's first trial was rife with intentional and egregious prosecutorial misconduct." ***Id***. at 1339. The ***Hockenbury*** Court explained that because it was not clear that the defendant would be protected under the Fifth Amendment, the Court in ***Smith*** determined "that in that particular instance the [C]onstitution of our Commonwealth provided broader protection . . . ." ***Id***. at 1339.

a mistrial is granted on the motion of a defendant, the principles of double jeopardy do not bar a subsequent prosecution even though the motion is prompted by prosecutorial error." **Commonwealth v. Miele**, 446 A.2d 298, 299 (Pa. Super. 1982). "However, when the motion of the defendant for a mistrial is compelled by intentional error by the prosecutor aimed at inducing defendant to move for a mistrial and, the prosecution is thereby afforded another possibly more favorable opportunity to convict the defendant, the double jeopardy clause will bar a retrial." **Id**.

Indeed, the United States Supreme Court has recognized the following relevant exception to the rule against double jeopardy:

> [T]he circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

**Kennedy**, 456 U.S. at 679.

Furthermore, as our Supreme Court stated,

> The United States Supreme Court has enunciated principally two types of prosecutorial overreaching. First there is the prosecutorial misconduct which is designed to provoke a mistrial in order to secure a second, perhaps more favorable, opportunity to convict the defendant. Second, there is the prosecutorial misconduct undertaken in bad faith to prejudice or harass the defendant. In contrast to prosecutorial error, overreaching is not an inevitable part of the trial process and cannot be condoned. It signals the breakdown of the integrity of the judicial proceeding, and presents the type of prosecutorial tactic which the double jeopardy clause was designed to protect against.

*Commonwealth v. Starks*, 416 A.2d 498, 500 (Pa. 1980) (citations omitted).

In addition, this Court has also recognized the following:

Prosecutorial misconduct includes actions intentionally designed to provoke the defendant into moving for a mistrial or conduct by the prosecution intentionally undertaken to prejudice the defendant to the point where he has been denied a fair trial. The double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant subjected to the kind of prosecutorial misconduct intended to subvert a defendant's constitutional rights. However, *Smith* did not create a *per se* bar to retrial in all cases of intentional prosecutorial overreaching. Rather, the *Smith* Court primarily was concerned with prosecution tactics, which actually were designed to demean or subvert the truth seeking process. The *Smith* standard precludes retrial where the prosecutor's conduct evidences intent to so prejudice the defendant as to deny him a fair trial. A fair trial, of course is not a perfect trial. Errors can and do occur. That is why our judicial system provides for appellate review to rectify such errors. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied. A fair trial is not simply a lofty goal, it is a constitutional mandate, . . . [and w]here that constitutional mandate is ignored by the Commonwealth, we cannot simply turn a blind eye and give the Commonwealth another opportunity.

*Commonwealth v. Chmiel*, 777 A.2d 459, 463-464 (Pa. Super. 2001) (citations and quotation marks omitted).

Our review of the certified record reveals that on December 31, 2014, Appellant filed a motion *in limine* seeking to preclude, among other items, testimony or evidence pertaining to Appellant's summary offense of driving under suspension or the status of her operating privileges. Motion *in Limine*, 12/31/14, at 5-6. In an order dated January 6, 2015, the trial court granted

Appellant's motion *in limine*. Specifically, the trial court's order states, "[Appellant's] Motion in Limine (Alleged Criminal Record) is hereby GRANTED . . . ." Order, 1/6/15, at 1.

In addition, our review of the certified record reflects the following transpired during the prosecution's cross-examination of Appellant:

> [ASSISTANT DISTRICT ATTORNEY]: All right. Now, . . . I've got a copy of your certified driver's record here. It looks like you got your driver's license back in February – I think it was February 19, 1992. Does that sound about right?
>
> [APPELLANT]: You mean, got them for the first time?
>
> [ASSISTANT DISTRICT ATTORNEY]: For the first time, that's right.
>
> [APPELLANT]: Yes.
>
> [ASSISTANT DISTRICT ATTORNEY]: So, you've been driving for a while, right?
>
> [APPELLANT]: Yes.
>
> [ASSISTANT DISTRICT ATTORNEY]: All right. Did you have a driver's license --
>
> > [DEFENSE COUNSEL]: Objection, Your Honor.
> >
> > THE COURT: Sustained.
> >
> > [DEFENSE COUNSEL]: May we approach?
> >
> > THE COURT: You may. We'll have a sidebar if you want to stretch.

N.T., 1/8/15, at 212-213.

The record further reveals that, at the sidebar immediately after defense counsel objected, the prosecutor explained that he initiated the line

of questioning when "the trooper leaned over and . . . said look, you need to ask her about her driver's license." N.T., 1/8/15, at 213. The prosecutor then stated, "[I]t's a mistake. It's a mistake. I shouldn't have asked the question." *Id*. The trial court declared a mistrial upon the motion of defense counsel. *Id*. at 214.

At the subsequent hearing to address Appellant's motion to bar retrial, the prosecutor made the following apologetic statement:

> This was my first trial ever. And I was very nervous. And I am professionally and personally mortified and embarrassed to even be in this situation right now. And it's embarrassing to me, I shouldn't even be in this situation. I apologize to everybody involved. I'm embarrassed to even have the law clerks, the Judge, the defense counsel, the court reporters have seen [sic] this. I certainly did not intend for this to be a mistrial. This being my first trial ever, I actually couldn't even really tell if it was going [Appellant's] way or not.

N.T., 3/12/15, at 8-9.

The trial court found that the prosecutor's questioning "was attributable to sheer inadvertence" and was not an intentional effort to procure a mistrial. Trial Court Opinion, 3/27/15, at 5. The trial court set forth the following reasoning in support of its decision to deny Appellant's motion to bar retrial:

> In the instant case, the Commonwealth began a line of questioning designed to bring out information regarding [Appellant's] pending Driving Under Suspension charge and/or the status of her operating privileges, a violation of a pre-trial ruling issued by this Court. Immediately after the prosecutor started to ask [Appellant] a question regarding the status of her operating privileges, counsel for [Appellant] properly objected

and requested a mistrial. The Court granted [Appellant's] request.

However, the Court does not find this to rise to the level of misconduct that would bar retrial. The prosecutor for the Commonwealth indicated at sidebar immediately after the objection that he had asked about the status of [Appellant's] license at the prompting of the trooper seated next to him, and acknowledged it was a mistake for him to do so. At argument on the instant motions, the prosecutor for the Commonwealth indicated this was his first jury trial and repeatedly apologized to the Court and [Appellant], indicating he had not intentionally or maliciously violated the pretrial Order. He also indicated to the Court he was unable to gauge the jury's inclination to either convict or acquit [Appellant], as it was only his first jury trial. The Court is satisfied the Commonwealth's violation of this Court's pretrial ruling was attributable to sheer inadvertence, rather than fear that the jury was likely to acquit [Appellant], and thus does not bar retrial.

Trial Court Opinion, 3/27/15, at 4-5. We agree with the trial court's finding that the prosecutor's error was unintentional, and we discern no error on the part of the trial court in denying Appellant's motion to bar retrial pursuant to double jeopardy grounds. Accordingly, we affirm the order of the trial court.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2016

- 11 -