J-S84006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NASIR KELLY, | |
| Appellant | No. 3081 EDA 2015 |

Appeal from the Order September 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0009589-2010

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 15, 2017**

Appellant, Nasir Kelly, filed this interlocutory appeal challenging the September 11, 2015 order entered in the Court of Common Pleas of Philadelphia County that denied his motion to dismiss pursuant to the compulsory joinder statute found at 18 Pa.C.S.A. § 110(1)(ii).[1]  For the reasons that follow, we affirm.

---

[1] We may exercise jurisdiction over this appeal:

> It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds. **Commonwealth v. Calloway**, 675 A.2d 743, 745 n.1 (Pa. Super. 1996), *citing* **Commonwealth v. Savage**, 566 A.2d 272, 275 (Pa. Super. 1989).  Because the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is similarly subject to

*(Footnote Continued Next Page)*

---

* Former Justice specially assigned to the Superior Court.

J-S84006-16

The trial court set forth the relevant factual and procedural history in this case as follows.

On March 7, 2010, Philadelphia police officers found [Appellant] unconscious behind the wheel of his car. He was arrested and subsequently charged with [d]riving [u]nder the [i]nfluence ("DUI")[,] pursuant to 75 Pa.C.S.[A.] § 3802, and issued a traffic citation for [c]areless [d]riving pursuant to 75 Pa.C.S.[A.] § 3714. On May 11, 2010, Appellant was found guilty in *absentia* of [c]areless [d]riving in the [Philadelphia Municipal Court - Traffic Division (traffic court)]; the DUI charge was not adjudicated on that date. On July 1, 2015, Appellant moved to dismiss the DUI charge in [traffic court] before the Honorable Henry Lewandowski III, arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S. § 110[(1)](ii) because he was previously prosecuted for and convicted of the traffic violation. Judge Lewandowski denied Appellant's motion. Appellant then petitioned for an interlocutory appeal to the Court of Common Pleas. On September 11, 2015, th[e trial c]ourt heard argument and denied Appellant's appeal. This appeal followed[.[2]]

Trial Court Opinion, 3/10/16, at 1-2.

*(Footnote Continued)* ————————————

immediate appeal. ***Commonwealth v. Bracalielly***, 658 A.2d 755 (Pa. 1995); ***Commonwealth v. Schmidt***, 919 A.2d 241 (Pa. Super. 2007).

***Commonwealth v. Barber***, 940 A.2d 369, 376 (Pa. Super. 2007), *appeal denied*, 960 A.2d 835 (Pa. 2008) (parallel citations omitted). Since this appeal presents a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Hockenbury***, 701 A.2d 1334, 1336 n.3 (Pa. 1997).

[2] Appellant filed a timely notice of appeal on October 8, 2015. On February 10, 2016, the trial court, pursuant to Pa.R.A.P. 1925(b), ordered Appellant to file a concise statement of errors complained of on appeal. Appellant timely complied by filing his concise statement on March 1, 2016. The trial court issued its opinion on March 10, 2016.

Appellant's contention on appeal is that, under the compulsory joinder statute found at 18 Pa.C.S.A. § 110(1)(ii),[3] his conviction for careless driving before the traffic court precludes subsequent prosecution of his DUI charges before the Court of Common Pleas. We disagree.

Recently, an *en banc* panel of this Court confronted similar facts and concluded that a prior summary conviction before the Philadelphia Municipal Court Traffic Division did not bar subsequent prosecution of more serious offenses under the compulsory joinder rule. In **Commonwealth v. Perfetto**, 2017 PA Super 281 (Pa. Super. 2017) (*en banc*), we said: "[I]n the context of compulsory joinder, where a defendant is charged with a

_____

[3] In relevant part, § 110 provides as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

∗∗∗

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

summary traffic violation and a misdemeanor, the [] summary offense may be disposed of in a prior proceeding in the [traffic court], which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding may be held for the remaining offenses." *Id.* at 18-19. We explained in *Perfetto* that "in the circumstances just described, [42 Pa.C.S.A. § 1302(a.1)(1)(i)] carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. A prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges which arose in the same judicial district and at the same time as the summary traffic offense." *Id.* at 20. *Perfetto* thus concluded that, "in those judicial districts [such as Philadelphia County,] which have a separate traffic court[,] the summary traffic offenses may reach disposition in a single, prior proceeding without precluding subsequent prosecution of higher offenses." *Id.*

In light of our recent holding in *Perfetto*, there is no merit to Appellant's contention in this interlocutory appeal. Accordingly, we affirm the order entered in the trial court and remand this matter for further proceedings.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017