717 A.2d 1015

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Brian D. ANTHONY, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1997.

Decided Aug. 25, 1998.

56

Joseph P. Burt, Erie, for Brian D. Anthony.

Joseph P. Conti, Christian A. Trabold, Erie, Elvage G. Murphy, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

CAPPY, Justice.

The question presented for review is whether the present prosecution of appellant is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, principles of collateral estoppel, or the compulsory joinder provision of 18 Pa.C.S. § 110. (hereinafter § 110). As we find the present prosecution barred by the compulsory joinder provision of § 110 we do not reach the equitable or constitutional claims presented. For the reasons that follow, the decision of the Superior Court is reversed.

The nature of the claims presented for review necessitate a detailed description of the factual and procedural history of the case. At approximately 5:30 p.m. on March 28, 1994, appellant, who was then 20 years of age, drove to the residence of his 13 year old sister, Angela, in Corry, Pennsylvania. Angela asked appellant to pick up two of her friends, also juveniles, at another residence in Corry. Appellant and Angela proceeded to the home of Sue Ann, also 13 years of age, where they picked up Sue Ann and Michelle who was 15 years

of age. Appellant and Angela had previously brought Michelle to Corry from her family home in Lancaster, Pennsylvania, because Michelle wanted to run away from home. At the behest of Michelle, appellant proceeded to a location in Corry where he picked up two male juveniles, Steven and Lucas, each 12 years of age.

The group drove around the Corry area finally stopping at the residence of an acquaintance of appellant. Appellant stopped at this particular location knowing his acquaintance kept beer in his garage. Appellant, with the assistance of Steven and Lucas, burglarized the garage stealing beer, which was then shared by all the youths.

After imbibing some of the stolen beer the group decided to travel to Erie, Pennsylvania. Aware that they would need funds to continue their journey, appellant and the boys committed two additional burglaries on the way to Erie. At the first stop in Union City, Pennsylvania, they burglarized the home of Steven's uncle. Appellant then drove to Waterford, Pennsylvania where he and the boys burglarized a garage and stole money from a truck within the garage, belonging to appellant's stepfather.

The group continued on their way to Erie where they all stayed in one room rented by appellant at the Knights Inn Motel. The next day the group spent some time at a mall in Erie and then decided to proceed to the state of Florida. During the trip to Florida appellant, with the aid of Steven and Lucas, committed additional burglaries and thefts. The journey came to an abrupt end on April 1, 1994 in Florida when the car appellant was driving was stopped by the police and everyone was taken into custody.

Upon their return to Corry, Pennsylvania, appellant and four of the juveniles gave statements to the Corry Police outlining all of the above actions. The Corry Police forwarded the statements by appellant and the juveniles to the Pennsylvania State Police. The Corry Police Department brought charges against appellant on June 3, 1994 at Information No. 1485 of 1994, in the Court of Common Pleas of Erie County.

The charges at Information No. 1485 were interference with the custody of children; corruption of minors; and purchase, consumption, transportation of brewed beverages.[1]

On September 2, 1994, appellant pled guilty to three counts of corruption of minors at Information No. 1485 of 1994. Counts 1 and 2, to which appellant pled, charged that appellant had transported the two male juveniles to the state of Florida without the permission of their parents and during that period of time, did aid, abet, entice or encourage the minors in the commission of numerous criminal acts ranging from residential burglaries to the theft of money and handguns. Count 3 charged appellant with the transportation of a female juvenile to Florida without the permission of her parents, as well as encouraging the female juvenile to commit various criminal activities. Appellant was sentenced on October 21, 1995 to concurrent terms of five to eleven months incarceration and fined three hundred dollars ($300).

On December 6, 1994, the Pennsylvania State Police filed the following charges against Appellant, which were held for court in the Court of Common Pleas of Erie County, Pennsylvania, at Information No. 32 of 1995: burglary, criminal trespass, criminal conspiracy, theft by unlawful taking or disposition and criminal mischief. These charges arose directly from the activities of appellant, Steven, and Lucas on the evening of March 28, 1994 for the burglary of Steven's uncle's residence in Union Township, Union City, Erie County, Pennsylvania.

On June 20, 1995 appellant filed a pretrial Motion to Dismiss the charges at Information No. 32 of 1995, arguing that a prosecution on the present charges was barred either by double jeopardy, collateral estoppel or compulsory joinder. For the purpose of the hearing on the Motion to Dismiss, the parties stipulated to the facts as set forth in the appellant's confession and the interlocking statements of Angela, Sue Ann, Steven and Lucas. The Motion to Dismiss was denied by the trial court. Appellant took an interlocutory appeal by

1. *See:* 18 Pa.C.S. § 2904; 18 Pa.C.S. § 6301; and 18 Pa.C.S. § 6308.

right from the denial of the pre-trial Motion to Dismiss. The Superior Court affirmed the decision of the trial court. This court granted allowance of appeal.

■■■ The denial of a pretrial Motion to Dismiss an indictment on double jeopardy grounds is subject to appellate review unless it appears that the claim is frivolous. *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). A Motion to Dismiss on the basis of the compulsory joinder rule of § 110 embodies the same constitutional protections underlying the double jeopardy clause justifying interlocutory appeal of such claims, consistent with the principles of *Brady* and *Bolden*. *Commonwealth v. Bracalielly*, 540 Pa. 460, 467–71, 658 A.2d 755, 759–60 (1995). Although appellant raises double jeopardy, collateral estoppel, and § 110 claims, if it is determined that the statutory bar of § 110 applies there is no necessity to reach the other claims. *Commonwealth v. Hude*, 500 Pa. 482, 486–87, 458 A.2d 177, 179 (1983).

Our analysis begins with the language of the compulsory joinder rule of § 110:

**§ 110.  When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdic-

tion of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

■ Appellant asserts that the present prosecution at Information No. 32 of 1995 is barred by § 110(1)(ii) because the charges at issue arose from the same criminal episode culminating in his prior conviction on the charges of corrupting the morals of minors at Information No. 1485 of 1994. Each of the following four factors must be met before § 110(1)(ii) will bar a subsequent prosecution: 1) the former prosecution must have resulted in an acquittal or a conviction; 2) the instant prosecution is based on the same criminal conduct or arose from the same criminal episode as the former prosecution; 3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and 4) the instant charges and the former charges were within the

jurisdiction of a single court. *Commonwealth v. Hockenbury,* 549 Pa. 527, 530–32, 701 A.2d 1334, 1336 (1997); *Bracalielly,* 540 Pa. at 469–71, 658 A.2d at 760.

Appellant asserts that each of the four factors necessary to bar the present prosecution under § 110(1)(ii) have been met. For the purpose of this opinion we will address factors one, three and four, prior to factor two, as only the second factor is in serious contention.

■ Appellant pled guilty to the first Information at No. 1485 of 1194. A guilty plea constitutes a conviction for purposes of § 110. *Hockenbury,* 549 Pa. at 530–32, 701 A.2d at 1336. There is no dispute that the prosecutor was aware of the current charges before the trial on the first charges, as all the crimes were known to the prosecuting authority at the same time. All the criminal acts occurred between March 28 and April 1 of 1994. All of the criminal acts were documented for the prosecution in the appellant's confession of April 4, 1994. All of the charges were within the jurisdiction of a single court. There is no dispute that the crimes ranging from summary, misdemeanor and felony charges are within the jurisdiction of the Court of Common Pleas of Erie County. All the charges at issue arose within Erie County, thus, venue is not at issue. *Accord, Commonwealth v. McPhail,* 547 Pa. 519, 692 A.2d 139 (1997). Thus, factors one, three and four have clearly been met.

■ We now turn to the heart of the dispute: whether the charges at issue arose from the same criminal episode as the charges for which appellant was previously convicted. The present Information charges appellant with burglary, criminal trespass, theft and criminal mischief in Union City on the night of March 28, 1994. Appellant committed the burglary, and related crimes, in concert with two juveniles, Steven and Lucas. As a result of that concerted action appellant is also charged with conspiracy. Appellant argues that these criminal charges arose from the same episode as the prior corrupting the morals of minors charges. In the prior Information appellant was convicted of taking Steven, Lucas and Sue Ann

from Corry Pennsylvania without the permission of their parents, committing burglaries in the Corry area and on the way to Florida, and transporting the juveniles out of the jurisdiction of Pennsylvania. The prior conviction arose from acts commencing on March 28 and continuing through April 1, 1994. The present burglary charges arose within the time span set forth in the prior charges, and with the same juvenile co-conspirators.

As this court stated in *Hude,* "in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered." 500 Pa. at 491, 458 A.2d at 181. In our consideration of the temporal and logical relationship between the criminal acts, we are guided by the policy considerations that § 110 was designed to serve:

> (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode;  and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. See *Commonwealth v. Stewart,* 493 Pa. [24] 29, 425 A.2d [346] 348 [(1981)]; *Commonwealth v. Holmes,* 480 Pa. 536, 541, 391 A.2d 1015, 1017 (1978); *Commonwealth v. Tarver,* 467 Pa. [401] 408, 357 A.2d [539] 542 [(1976)]. "By requiring compulsory joinder of all charges arising from ... [the same criminal episode], a defendant need only once 'run the gauntlet' and confront the awesome resources of the state." *Commonwealth v. [\* \* \*12] Campana, (Campana I),* 452 Pa. [233] 251, 304 A.2d [432] 440–441 [(1973)].

*Hude,* 500 Pa. at 489, 458 A.2d at 180.

With these policy considerations in mind we review the temporal and logical relationship between the charges in the first Information and those within the second information. In the first Information appellant is charged with corrupting the morals of Steven, Lucas and Sue Ann by removing them from Corry, Pennsylvania on March 28, 1994, encouraging their

participation in various criminal acts, including burglary and theft, and transporting the juveniles to Florida where they were apprehended. The first information does not specify the location of the burglaries referenced in connection with the corruption charges. However, even without a specific delineation of which burglaries were at issue in the first Information, the burglary in Union City on the night of March 28, 1994 is temporally connected to the crimes appellant has already been convicted of, as the first Information charged criminal acts spanning from March 28, 1994 through April 1, 1994.

■ The Commonwealth argues that the crimes in the present information are not logically related to the prior charges as they do not involve the same conduct. Here, the Commonwealth focuses on the nature of the criminal acts: corrupting the morals of minors versus burglary and theft. This argument has surface appeal, but lacks substance. A logical relationship is not conditioned upon the duplication of identical criminal acts. A logical relationship exists where the sequence of criminal acts reveals a substantial duplication of issues of law and fact. *Bracalielly*, 540 Pa. at 460, 658 A.2d at 755.

In the present case, such a substantial duplication of issues of law and fact exists. The evidence to support appellant's original conviction is the statement of appellant as taken by the Corry Police; the testimony and/or statements of Steven, Lucas and Sue Ann and Angela; the parents of the juveniles; and the Corry Police officers involved in the investigation. In the present prosecution all of the above witnesses will again be required to present the same testimony. Given that a high percentage of the testimony from the first trial must be repeated in the second trial, a substantial duplication of factual issues is obviously present.

The only additional witnesses that would be called in the present trial, that were not needed in the first trial are the victim of the burglary and the State Police. Although two different police departments are involved there is nothing of record indicating that two different investigations were ongo-

ing, independent of each other, which led to the two separate prosecutions. To the contrary, the Corry Police were in possession of all relevant incriminating information regarding all the criminal activity set forth in both Informations prior to any involvement by the State Police. The Corry Police chose to forward the information to the State Police. The dual involvement of two different law enforcement offices is not sufficient to preclude joinder of charges given the facts of this case. *Cf. Bracalielly.* As for the legal issues, appellant's first conviction for corrupting the morals of the minors was grounded on his encouraging and enticing the minors to commit burglaries and thefts. The second Information also charges burglary and theft, the variation in the form of the criminal charges cannot disguise the commonality of the legal issues within the two informations. Thus, we find that the present charges did arise from the same criminal episode as the first set of charges as all of the criminal acts are temporally and logically related. Accordingly, we find that all four factors necessary to bar the present prosecution under § 110 have been met.

Returning to the policy considerations which guide our review of this question, it is undeniable that the policy goals of § 110 would be thwarted by separate trials in this instance. Appellant will be forced to undergo two criminal prosecutions when all the evidence necessary to support both prosecutions was within the hands of the Commonwealth at the same time. The vast majority of the witnesses will be forced to give up their time and again undergo the pressure of courtroom testimony, to repeat in the second trial virtually everything that was stated in the first trial. Both trials tax the resources of the same District Attorney, almost identical law enforcement personnel, and the same judicial system. The Commonwealth offers no reason for the unnecessary duplication caused by the failure to join the charges in this matter. Having found the four factors of § 110(1)(ii) to be met in this case, we further find that the purpose of the compulsory joinder rule would be violated by permitting the present prosecution to go forward.

■ Finally, the Commonwealth asserts that even if we find the criminal acts at issue constitute a single criminal episode, the present prosecution is not barred because of the exception found in § 110(iii)(A). This argument is without merit for the reason Madame Justice Newman so eloquently stated in *Commonwealth v. Geyer*, 546 Pa. 586, 590 n. 4, 687 A.2d 815, 817 n. 4 (1996):

> We clarify here that, contrary to the Commonwealth's contention, Section 110(1)(iii)(A) does not operate as an exception to the application of Section 110(1)(i) or (ii) to a given set of facts. Each subsection, 110(1)(i), 110(1)(ii) and 110(1)(iii), provides an alternative basis for the bar of a subsequent prosecution, as indicated by the disjunctive 'or' in the text of the statute. Interpreting Section 110(1)(iii)(A) as eliminating the bar to a subsequent prosecution whenever each offense requires proof of an additional fact not required by the other would render meaningless subsections (i) and (ii).

This court refuses to adopt an interpretation of § 110 which would render all of the language of the statute beyond subsection (1)(iii)(A) meaningless.

Accordingly, appellant's present prosecution is barred by the compulsory joinder provision of 18 Pa.C.S. § 110(1)(ii), the decision of the Superior Court affirming the order of the Court of Common Pleas is reversed. The information is quashed and appellant is discharged.

NIGRO, J., files a concurring opinion in which ZAPPALA, J., joins.

CASTILLE, J., dissents.

NIGRO, Justice, concurring.

I join Mr. Justice Cappy's majority opinion since I agree that the instant prosecution is barred by the compulsory joinder provision of 18 Pa.C.S. § 110. However, I write separately to express my belief that this case is akin, both factually and legally, to *Commonwealth v. Hockenbury*, 549 Pa. 527, 701 A.2d 1334 (1997). As articulated by Mr. Justice

Zappala's dissenting opinion in *Hockenbury,* which I joined, I believe that the charges at issue there arose from the same criminal episode as the charges for which the defendant was previously convicted. Since I reach the same conclusion here, I join the majority opinion.

ZAPPALA, J., joins in this concurring opinion.