J-A07043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| APRIL LYNN GLADFELTER | : : | |
| Appellant | : : | No. 1317 MDA 2017 |

Appeal from the Order Entered July 20, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000939-2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:              **FILED APRIL 26, 2018**

Appellant April Lynn Gladfelter appeals from the order entered by the Court of Common Pleas of York County denying her motion to dismiss pursuant to 18 Pa.C.S.A. § 110.  After careful review, we remand with instructions.

On November 4, 2016, Appellant was arrested in York County and charged with access device fraud, identity theft, theft by unlawful taking, and receiving stolen property in connection with Appellant's theft of victim Breeanna Kidd's purse and her unauthorized use of one of Ms. Kidd's credit cards.  These charges were docketed at CP-67-CR-0008113-2016.

At Appellant's preliminary hearing in this prior case, Appellant returned the stolen property to Ms. Kidd, including her purse.  Thereafter, Ms. Kidd turned over to York County detectives a small brown card holder she found in

_____
*   Former Justice specially assigned to the Superior Court.

her purse that contained Pennsylvania and Alaska driver's licenses belonging to Steven Dapcevich. On December 14, 2016, Mr. Dapcevich contacted police to report that his licenses had been stolen somewhere between November 1 and November 8, 2016 from his girlfriend's car, which had been parked outside Mr. Dapcevich's home in York. Based on this new information, Appellant was charged in the instant case with theft by unlawful taking and receiving stolen property at docket CP-67-CR-0000939-2017.

On May 1, 2017, Appellant entered a *nolo contendere* plea to access device fraud in the prior case and the remaining charges at docket 8113-2016 were *nolle prossed* by the Commonwealth. On July 13, 2017, in the instant case, Appellant filed a motion to dismiss pursuant to 18 Pa.C.S.A. § 110, alleging that the charges in the instant case should have been prosecuted with the charges at docket 8113-2016 based on compulsory joinder principles. Following a hearing, the trial court denied Appellant's motion, finding that the two crimes did not arise from a single criminal episode. However, the trial court did not make specific findings as to the frivolousness of the motion. Order, 7/20/17, at 1-2.

Appellant filed a timely notice of appeal and complied with the trial court's direction to submit a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises one issue for our review:

The trial court erred when it denied Appellant's Motion to Dismiss based on 18 Pa.C.S. § 110 because the current offense is based on the same conduct or arising from the same criminal episode as the former offense, and there is a logical and temporal relationship between the two cases. Both offenses occurred at about the same time, the former and current offenses are either the same or have similar elements, the cases have a duplication of witnesses and facts, and the cases are factually similar given the current victim's wallet was contained within the former victim's purse.

Appellant's Brief, at 4.

As an initial matter, we must determine whether we have jurisdiction over this appeal. Issues of jurisdiction may be raised *sua sponte*. **Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa.Super. 2015). Our Supreme Court has established that "orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous." **Id**. at 1021-22 (citing **Commonwealth v. Brady**, 510 Pa. 336, 345-46, 508 A.2d 286, 291 (Pa. 1986)).[1] "A [m]otion to [d]ismiss on the basis of the compulsory joinder rule of [18 Pa.C.S.A.] § 110 embodies the same constitutional protections underlying the double jeopardy clause justifying interlocutory appeal of such claims." **Commonwealth v. Anthony**, 553 Pa. 55, 60, 717 A.2d 1015, 1017 (1998).

---

[1] Pennsylvania Rule of Appellate Procedure 313(b) provides that "[a] collateral order is an order separable to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b).

In 2013, Pennsylvania Rule of Criminal Procedure 587 was amended to include provisions governing pretrial double jeopardy motions. Rule 587(B) provides as follows:

**(B) Double Jeopardy**

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) *In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.*

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B) (emphasis added).

This Court has previously interpreted a trial court's responsibilities pursuant to Pa.R.Crim.P. 587(B) as follows:

To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record

a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

*Commonwealth v. Diggs*, 172 A.3d 661, 664 (Pa.Super. 2017) (quoting *Taylor*, 120 A.3d at 1022-23).

Our review of the transcript and the record reveals that the trial court failed to comply with Rule 587(B). While the trial court discussed the relevant facts and its legal conclusion in denying Appellant's motion to dismiss, the trial court failed to make a specific finding of whether the appeal was frivolous, despite defense counsel's request that it do so. While the trial court denied Appellant's motion, the comment section to Rule 587 makes clear that "[a] mere adverse decision of the case does not mean the matter is frivolous." Pa.R.A.P. 587, comment. *See Commonwealth v. Gains*, 556 A.2d 870, 874 (Pa.Super. 1989) ("A frivolous claim is a claim clearly and palpably without merit; it is a claim which presents no debatable question").

Accordingly, this Court may not exercise jurisdiction in this case. In light of the decisions in *Diggs* and *Taylor*, we are constrained to remand this matter to the Court of Common Pleas for the trial court to make a specific finding on frivolousness to comply with Rule 587(B).

Order vacated. Case remanded. Jurisdiction relinquished.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/26/18</u>