J-S58028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ODELL JORDAN GUNN | : | |
| | : | |
| Appellant | : | No. 521 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 29, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001212-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 06, 2020**

Appellant, Odell Jordan Gunn, appeals *nunc pro tunc* from the aggregate judgment of sentence of 45 to 120 months' incarceration, imposed after he entered a *nolo contendere* plea to aggravated assault, carrying a firearm without a license, and related offenses.  On appeal, Appellant challenges the trial court's denial of his pretrial motion to dismiss the charges against him based on a violation of the "compulsory joiner rule" as set forth in 18 Pa.C.S. § 110.  We affirm.

Briefly, Appellant's convictions are premised on evidence that he fired multiple gunshots into an apartment building where his ex-girlfriend lived. After the shooting, Appellant was charged with numerous offenses including six counts of aggravated assault and carrying a firearm without a license.  On July 14, 2017, he filed a motion to dismiss all the charges, arguing that the prosecution was barred under section 110, which states, in pertinent part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\*\*\*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).[1]

After conducting a hearing on Appellant's motion, the court issued an order and an accompanying opinion denying it on September 21, 2017. On October 9, 2017, Appellant entered a *nolo contendere* plea to several of the charges pending against him, including one count of aggravated assault and carrying a firearm without a license. He was sentenced on November 29,

---

[1] Appellant's compulsory joinder claim was premised on the fact that, eight days after the shooting in the present case, he was arrested in possession of a semi-automatic pistol. That pistol was later determined to be the firearm used in the shooting of the apartment building. Because Appellant was prohibited from possessing a firearm due to an active Protection From Abuse order that had been entered against him, he was charged in a second, separate case with various firearm-related offenses. On February 10, 2017, Appellant entered a guilty plea in that case. When the Commonwealth then filed the charges against Appellant based on his shooting of the apartment, Appellant averred, in his motion to dismiss, that the charges in the present case were barred by the compulsory joinder rule.

2017, to the aggregate term of incarceration stated *supra*. Appellant did not file a direct appeal.

On October 15, 2018, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights. The court appointed counsel and an amended petition was filed on Appellant's behalf. On March 29, 2019, the court issued an order granting Appellant's petition to the extent he sought the reinstatement of his appellate rights. On April 11, 2019, Appellant filed a timely notice of appeal *nunc pro tunc*. He also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on June 7, 2019. Herein, Appellant states one issue for our review: "Whether the [trial] [c]ourt committed legal error and abused its discretion in failing to grant [Appellant's] Motion to Dismiss predicated on compulsory joinder?" Appellant's Brief at 2.

Preliminarily, we agree with the trial court that Appellant has waived his compulsory joinder issue by entering a *nolo contendere* plea. As the court correctly observes, this Court has stated that, "in terms of its effects upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018) (citation omitted); **see also** Trial Court Opinion, 6/7/19, at 1. Additionally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" **Jabbie**, 200 A.3d at

505 (citation omitted). Here, Appellant makes no argument that his compulsory joinder claim implicates the court's jurisdiction, the validity of his plea, or the legality of his sentence. Accordingly, we agree with the court that Appellant waived his present issue when he pled *nolo contendere*.

In any event, even if not waived, we would conclude that Appellant's claim is meritless. We have reviewed Appellant's argument, the certified record, and the applicable law. We have also considered the well-reasoned opinion, filed on September 21, 2017, by the Honorable Stephanie Domitrovich of the Court of Common Pleas of Erie County. In that decision (which the Commonwealth adopts on appeal), Judge Domitrovich assesses Appellant's compulsory joinder claim and correctly determines that it is meritless. *See* Trial Court Opinion, 9/21/17, at 1-8. Therefore, even had Appellant not waived his issue, we would reject it for the reasons set forth by Judge Domitrovich in her September 21, 2017 opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020

- 4 -

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
              : OF ERIE COUNTY, PENNSYLVANIA
 v.    2017 SEP 21 PM 4: 24 : CRIMINAL DIVISION
              :
ODELL JORDAN GUNN, ERIE COUNTY  : No. CR 1212 of 2017
     Defendant CLERK OF COURTS
      ERIE, PA 16501  :

Appearances:  Jessica L. Lasley, Assistant District Attorney (Commonwealth)

      Robert M. Barbato Jr., Esq., on behalf of Odell Jordan Gunn (Defendant)

## OPINION

Domitrovich, J., September 21st, 2017

  The instant matter is currently before this Trial Court on Odell Jordan Gunn's (hereafter referred to as "Defendant") Motion to Dismiss. Defendant's counsel, Robert M. Barbato Jr., Esq., argues the instant criminal case should be dismissed pursuant to 18 Pa. C. S. §110 as the instant criminal case contains only a single criminal episode and bears a close logical and temporal relationship to the criminal offenses charged docket no. 3721 of 2016, to which Defendant entered a guilty plea on December 30th, 2016 and sentenced was imposed on February 10th, 2017. The Commonwealth's counsel argues compulsory joinder pursuant to 18 Pa. C. S. §110 is not required as the above-referenced criminal dockets, i.e. CR 1212 of 2017 and CR 3721 of 2016, are not part of the same criminal episode, do not contain substantial duplication of facts and are not logically and temporally related.

## Factual History[1]

*CR 1212 of 2017*

  The following factual history is derived from the Affidavit of Probable Cause, authored by City of Erie Police Detective Michael Hertel, Affiant, attached to the Police Criminal

---

[1] Neither the Commonwealth nor defense counsel provided this Trial Court with written Preliminary Hearing transcripts or an otherwise written factual history for the above-referenced criminal dockets. Therefore, this Trial Court relied upon the facts presented in the respective Affidavits of Probable Cause at the above-referenced criminal dockets.

1

Complaint, which was filed on April 24th, 2017 and is of public record as to docket no. CR 1212 of 2017:

On 10/12/16 at 22:50 hours, Patrolman Gadsby was dispatched to 1302 Wallace Street for a report of shots fired. Upon arrival, Patrolman Gadsby made contact with a witness who advised him that there were possibly nine shots heard coming from the street, followed by the sound a vehicle speeding away southbound on Wallace Street.

Patrolman Gadsby located eight bullet holes in the east wall of 1302 Wallace Street, Apt. #2 (Second Floor). Patrolman Gadsby photographed and documented five bullet impacts that entered the outside wall of the 2nd floor apartment and traveled through the apartment. The bullets impacted the interior walls and ceilings inside the apartment causing damage. Patrolman Gadsby located four victims that were inside the 2nd floor apartment at the time of the shooting, one adult and three juveniles. Patrolman Gadsby located and recovered two bullets from the interior of the apartment.

Patrolman Gadsby talked to R.M., who is currently staying at 1302 Wallace Street, Apt. #2, but was not home at the time of the shooting. R.M. stated that she had obtained a PFA against her ex-boyfriend, Odell Gunn. The PFA had the final order of court on October 6th, 2016.

On 10/18/16, this Affiant obtained video from the St. Stans Church at 516 East 13th Street. The video shows a small red four door vehicle traveling eastbound on East 13th Street and then turning south on Wallace Street at the time of the shooting. The vehicle is driven by a light skinned male with a white t-shirt. The brake lights on the vehicle are activated as it drives slowly in front of 1302 Wallace Street.

On 10/20/16, this Affiant interviewed Odell Gunn, at the Erie Police Department. Gunn was present at the Erie Police Department after he was arrested at Kramer's Bar, 820 East Avenue, and was charged with possession of a .45 caliber Colt 1911 semi-automatic handgun with obliterated serial numbers. The gun was loaded with Perfecta brand .45 caliber ammunition.

This Affiant completed a rights waiver form with Gunn and he was advised that the interview will be recorded. Gunn was asked about the shooting incident at 1302 Wallace Street on 10/12/16 and he denied any involvement. Gunn stated he does borrow a red Oldsmobile Alero from his cousin when he has something to do. Gunn stated at the end of the interview, "I probably was driving when the house got shot up." Gunn also stated, "I'm sorry, I wish I could tell her that, glad she alright, I just feel bad that I was the [expletive removed] who was driving." "Sometime you just make mistakes." Gunn also added, "I am going to own up to driving the car."

2

On 10/20/16, this Affiant and Detective Berarducci completed a consent search of a red Oldsmobile Alero, PA JLX-6924 in front of 650 East 8th Street. The vehicle belongs to Jessica Nelson and she advised that she lent the vehicle to Odell Gunn on 10/12/16. The search of the vehicle produced one spent .45 caliber shell casing, Perfecta brand name ammunition.

On 10/21/16, this Affiant went to 1304 Wallace Street, Apt. #1 (First Floor Apt.) and talked with victim B.W., who stated that her apartment was "Shot Up" on 10/12/16 and she had located a bullet on the floor. This Affiant located three bullet strikes on the east wall of the apartment near the ceiling. This Affiant also recovered one bullet on the floor of the bedroom. Victim B.W. stated that she was home at the time of the shooting with her daughter, Victim T.W.

On 2/5/17, this Affiant received a lab report from the Pennsylvania State Police Crime Labe E16-03720-1. The lab report stated that the two recovered .45 caliber shell casings were fired from the .45 caliber Colt 1911 semi-automatic handgun that was recovered at Kramer's Bar, 820 east Avenue, on 10/201/16.

*CR 3721 of 2016*

In addition, the following factual history is derived from the Affidavit of Probable Cause, authored by City of Erie Police Patrolman Jason Russell, Affiant, attached to the Police Criminal Complaint, which was filed on November 16th, 2016 and is of public record as to docket no. CR 3721 of 2016:

On 20 October 2016, the defendant, Odell Jordan Gunn D.O.B. 2-24-1997, did appear at Kramer's on the Avenue, located at 820 East Avenue. Gunn did have an active warrant for his arrest. Gunn was then taken into police custody. At the time of his arrest, Gunn was found to have possessed a Colt Model 1911 .45 caliber semi-automatic pistol, which was loaded and did have an obliterated manufacturer's number. Gunn had attempted to discard the weapon in a trash receptacle as uniformed police approached. Gunn is not permitted to possess a firearm due to his having an active PFA. In addition, Gunn does not have a valid license to carry a firearm and would be ineligible to obtain one due to his age and the existence of the PFA.

## Procedural History

On December 14th, 2016, the District Attorney's Office filed a Criminal Information **(docket no. CR 3721 of 2016)**, charging Defendant with Tampering with/Fabricating Physical

3

Evidence, in violation of 18 Pa. C. S. §4910(1); Possessing a Firearm with Manufacturer Number Altered, in violation of 18 Pa. C. S. §6110.2(a); Firearms not to be carried without a License, in violation of 18 Pa. C. S. §6106(a)(1); and Persons not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms-PFA Party, in violation of 18 Pa. C. S. §6105(c)(6). On February 10th, 2017, Defendant, with the assistance of his counsel, Robert M. Barbato Jr., Esq., entered a guilty plea to Count One, amended to Firearms not to be carried without a License. Judge Brabender sentenced Defendant as follows:

- Count One (Firearms not to be carried without a License): four (4) years of Intermediate Punishment, beginning with seventy-three (73) days of incarceration, followed by four (4) months of Electronic Monitoring.

On May 16th, 2017, the District Attorney's Office filed a Criminal Information[2] (**docket no. CR 1212-2017**), charging Defendant with six counts of Aggravated Assault, in violation of 18 Pa. C. S. §2702(a)(1); six counts of Recklessly Endangering Another Person, in violation of 18 Pa. C. S. §2705; two counts of Discharging a Firearm into an Occupied Structure, in violation of 18 Pa. C. S. §2707.1(a); Firearms not to be carried without a License, in violation of 18 Pa. C. S. §6106(a)(1); Possessing a Firearm with Manufacturer Number Altered, in violation of 18 Pa. C. S. §6110.2(a); Possessing Instruments of Crime, in violation of 18 Pa. C. S. §907(a); and two counts of Criminal Mischief, in violation of 18 Pa. C. S. §3304(a)(1).

Defendant, by and through Attorney Barbato, filed a Motion to Dismiss on July 14th, 2017. At a hearing on August 18th, 2017, Defendant appeared and was represented by Attorney Barbato, and Assistant District Attorney Jessica L. Lasley appeared on behalf of the Commonwealth. Following the hearing, Attorney Barbato agreed to submit a Memorandum of Law within ten (10) days, and ADA Lasley agreed to submit a Memorandum of Law within ten

---

[2] The criminal action at docket no. CR 1212 of 2017 was initiated on March 21st, 2017 and a Criminal Complaint was filed on April 24th, 2017.

4

(10) days after receipt of Attorney Barbato's Memorandum of Law. Attorney Barbato submitted his Memorandum of Law on August 29th, 2017. ADA Lasley submitted her Memorandum of Law on September 8th, 2017.

## Rationale and Conclusions

A subsequent prosecution is barred by a former prosecution under the following circumstances, even if the subsequent prosecution charges different criminal offenses than the former prosecution or is based upon different facts:

1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

    ...

    ii.    any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense.

*See 18 Pa. C. S. §110(1)(ii).* Therefore, 18 Pa. C. S. §110, known as the "compulsory joinder rule," bars a subsequent prosecution if each prong of the following test is met: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges are within the same judicial district as the former prosecution. *Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013) (*citing Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2004)). In the instant criminal case, Defendant's prosecution at docket no. CR 3721 of 2016 resulted in a conviction via a guilty plea, and the criminal offenses charged at both docket nos. CR 3721 of 2016 and CR 1212 of 2017 occurred in Erie County, Pennsylvania. Therefore, although the first and fourth prongs have been satisfied, the second prong, i.e. "logical relationship" of the separate criminal cases, and the

5

third prong, i.e. the Commonwealth's awareness of the subsequent criminal charges before the first criminal case, are at issue.

Regarding the second prong, i.e. "logical relationship" of the separate criminal cases, the Pennsylvania Supreme Court has stated that trial courts must determine the "temporal" and "logical" relationship between the charges to determine whether they arose from a "single criminal episode." *See id* at 583 (*citing Commonwealth v. Hude*, 458 A.2d 177, 181 (Pa. 1983)). In ascertaining whether a number of statutory offenses are "logically related" to one another, a trial court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. *Id.* If there is duplication, then the offenses are logically related and must be prosecuted as one trial. *Id.*

When determining if there is a duplication of legal issues, for purposes of the "compulsory joinder rule," a trial court should not limit its analysis to a mere comparison of the charges, but should also consider whether, despite the variation in the form of the criminal charges, there is a **commonality of legal issues** within the two separate prosecutions. *See id* at 585-586 (*citing Commonwealth v. Anthony*, 717 A.2d 1015, 1019 (Pa. 1998)). There is no substantial duplication of issues of fact exists if proof of each individual instance of criminal conduct requires the introduction of the testimony of completely **different police officers** or if there were **different victims** in **different counties** requiring **different investigations**, and those different witnesses were necessary at each trial. *See id* at 585.

At docket no. CR 1212 of 2017, the Commonwealth is alleging on October 12th, 2016, Defendant fired a firearm into the first-floor and second-floor apartments located at 1302 and 1304 Wallace Street, thereby placing the individuals residing therein in danger of death or

6

serious bodily injury. The affiant at CR 1212 of 2017 is City of Erie Police Detective Michael Hertel and there are several victims and witnesses to Defendant's alleged criminal act.

In contrast, at docket no. CR 3721 of 2016, the Commonwealth alleged on October 20th, 2016, Defendant did possess a firearm, .45 caliber Colt 1911 semi-automatic handgun, while being subject to an active PFA Order, which prohibited Defendant from possessing said firearm. The affiant at CR 3721 of 2016 is City of Erie Police Patrolman Jason Russell and the only other witness is City of Erie Police Patrolman Ira Bush, who was on patrol with Patrolman Russell when Defendant was discovered with a firearm in his possession.

The temporal relationship of these two (2) separate criminal dockets in clearly different, as one incident occurred on October 12th, 2016 and the other incident occurred on October 20th, 2016. Furthermore, the logical relationship demonstrates only a single similarity – the firearms possessed by Defendant. Aside from the firearm, these two (2) separate criminal dockets have **two (2) different Affiants, different witnesses** and **different locations** within Erie County, Pennsylvania. Finally, proof of the offenses charged at these two (2) separate criminal dockets requires proof from different police officers and witnesses. Clearly, this Trial Court finds and concludes no substantial duplication of factual and/or legal issues has occurred in these two (2) separate criminal dockets and, therefore, compulsory joinder pursuant to 18 Pa. C. S. §110 does not apply.

In addition, the third prong – whether the Commonwealth was aware of the subsequent criminal charges before the first criminal action – has not been satisfied. At docket no. CR 3721 of 2016, Defendant was found to have a firearm in his possession, which he discarded in the waste receptacle in the men's restroom of Kramer's bar. Patrolmen Russell and Bush located the firearm in the waste receptacle inside the men's restroom of Kramer's Bar and tagged said

7

firearm into evidence. Thereafter, the firearm, as well as two (2) spent Perfecta brand .45 caliber shell casings found during the investigation of the shooting at 1302 Wallace Street, were sent to the Pennsylvania State Police for ballistics testing. A Report from the Pennsylvania State Police Crime Lab was received by Detective Hertel on February 5th, 2017, five (5) days before Defendant pled guilty and was sentenced at docket no. 3721 of 2016. Said Lab Report indicated the two (2) spent .45 caliber Perfecta brand shell casings were fired from the .45 caliber Colt 1911 semi-automatic handgun found at Kramer's Bar. Following receipt of this Lab Report and after further investigation, the Criminal Complaint at docket no. CR 1212 of 2017 was filed on April 24th, 2017, officially commencing a criminal action against Defendant. At that point, docket no. CR 3721 of 2016 had been officially closed following Defendant's guilty plea and sentencing on February 10th, 2017. The record, via the dates of initiation and the dates of conclusion for these two (2) separate criminal dockets, indicates the Commonwealth was unaware of the criminal charges at docket no. CR 1212 of 2017 at the time the criminal offenses charged at docket no. CR 3721 of 2016 were pending; therefore, the third prong for compulsory joinder has not been satisfied.

Therefore, the above-referenced factual history clearly demonstrates Defendant's criminal dockets, CR 3721 of 2016 and CR 1212 of 2017, do not arise from the same criminal episode and, therefore, are not required to be joined pursuant to 18 Pa. C. S. §110. For all of the reasons set forth above and others stated on the record, this Trial Court enters the following Order:

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS
                                               : OF ERIE COUNTY, PENNSYLVANIA
      v.                                     : CRIMINAL DIVISION
                                               :
ODELL JORDAN GUNN,                  : No. CR 1212 of 2017
          Defendant                     :

## ORDER

AND NOW, to-wit, this 21st day of September, 2017, after thorough review of the entire record, including, but not limited to, the Memoranda of Law submitted by both counsel, as well as a thorough review of relevant statutory law and case law, and consistent with the Opinion set forth above, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant Odell Jordan Gunn's Motion to Dismiss is hereby **DENIED**.

BY THE COURT:

_Stephanie Domitrovich_
Stephanie Domitrovich, Judge

cc:   /Jessica L. Lasley, Assistant District Attorney
       Robert M. Barbato Jr., Esq., 1314 Griswold Plaza, Erie, PA 16501
       Ødell Jordan Gunn, #38543, Erie County Prison, 1618 Ash Street, Erie, PA 16503
       Julia Bagnoni, Court Administration

9