J-A26035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE MARCE SAUNDERS | : | |
| | : | |
| Appellant | : | No. 298 WDA 2025 |

Appeal from the PCRA Order Entered November 4, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0014353-2017

BEFORE: OLSON, J., STABILE, J., and KING, J.

DISSENTING MEMORANDUM BY STABILE, J.: **FILED: December 24, 2025**

To overcome the presumption that counsel rendered effective assistance, a petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017). Appellant asserts trial counsel was ineffective by failing to argue that the charges relative to the drug delivery resulting in death ("DDRD") were barred from prosecution pursuant to the compulsory joinder rule. Under the compulsory joinder rule, the Commonwealth is required to try all charges arising from the same criminal episode in a single case. ***See*** 18 Pa.C.S.A. § 110(1)(ii).

In denying PCRA relief, the Majority concludes that Appellant failed to establish arguable merit that counsel was ineffective by failing to argue that the current prosecution violated the compulsory joinder rule because Appellant was previously convicted of possession charges arising from the same criminal episode. The Majority determined that the two acts – the possession of narcotics and the drug delivery resulting in death ("DDRD") – did not arise from the same criminal episode because (1) the two acts involved different transactions; and (2) the trials required different witnesses to establish the elements of the offenses at issue. *See* Majority Memorandum, at 13. I respectfully dissent.

Police were called to respond to an overdose death. They were obligated to investigate. The decedent's cell phone identified Appellant as the likely source of the drugs that killed the decedent. Within four hours of their investigation, they met Appellant and arrested him for possession of the type of drugs that killed the decedent. Inexplicably, prosecutors did not try the possession and DDRD crimes together, as they were obligated to do under the compulsory joinder rule. The Majority believes this is excusable since the crimes charged did not arise out of the same criminal episode. I believe this is in error. There was no reason to investigate Appellant except to determine who was responsible for the DDRD. Appellant was found within a mere four hours of police arriving at the scene of the crime. He had in his possession the same incriminating type of drugs that killed the decedent. Thus, Appellant's apprehension was a direct result of the police identifying him as

the supplier of the lethal drug, fentanyl, that killed the decedent. The possession charges leveled against him directly related to the DDRD matter. Under these circumstances, I fail to see how the compulsory joinder rule was not violated.

The Majority goes to great lengths to separate the crime into two episodes. However, the controlled buy is part of the *res gestae* of the DDRD investigation. It completes the story of how the officers identified, located and arrested Appellant as the person who delivered the fatal drugs to the decedent.

Subsection 110(1)(ii) of the compulsory joinder statute contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense:

(1)   the former prosecution must have resulted in an acquittal or conviction;

(2)   the current prosecution is based upon the same criminal conduct or **arose from the same criminal episode** as the former prosecution;

(3)   the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4)   the current offense occurred within the same judicial district as the former prosecution.

***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019) (citing ***Commonwealth v. Fithian***, 961 A.2d 66 (Pa. 2008)) (emphasis added). There is no dispute that Appellant's former prosecution resulted in a conviction, that the prosecutor was aware of the instant charges prior to trial

on the former charges, and that the current offense occurred within the same judicial district. The crux of this case is whether the current prosecution arose from the same criminal episode as the former prosecution, *i.e.*, the logical relationship prong.

"This concept of [the same] criminal episode has been defined as an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." ***Commonwealth v. Schmidt***, 919 A.2d 241, 245-46 (Pa. Super. 2007) (citation and quotation marks omitted). Our Supreme Court has provided guidance to determine whether offenses arise from the same criminal episode:

> The interpretation of the term "single criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purpose for which it was created. Thus, **where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists**, and separate trials would involve substantial duplication and waste of scare judicial resources. In such cases, failure to consolidate will bar successive prosecutions.

***Commonwealth v. Hude***, 458 A.2d 177, 183 (Pa. 1983) (citation omitted; emphasis added). Where there is a substantial duplication of factual and/or legal issues, the statutory offenses are logically related. ***Commonwealth v. Reid***, 77 A.3d 579, 583 (Pa. 2013). "The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test **does not require an absolute identity of factual backgrounds**." ***Id.*** (quotation

marks and citation omitted; emphasis added). "A logical relationship exists where the sequence of criminal acts reveals a substantial duplication of issues of law and fact." *Commonwealth v. Anthony*, 717 A.2d 1015, 1019 (Pa. 1998). A substantial duplication of issues may be found where "a high percentage of the testimony from the first trial [had to] be repeated in the second trial[.]" *Id.*

Here, there is a temporal and logical relationship between the charges in the possession case and the charges in the DDRD case. Officer Jena responded to an overdose death. While investigating who sold the fatal drugs to the decedent, Officer Jena developed Appellant as suspect by looking at the text messages on the decedent's phone. Officer Jena then used the decedent's cell phone to set up a controlled buy with Appellant. When Appellant arrived for the controlled buy, he was arrested. Appellant's apprehension occurred within four hours of police arriving at the scene of the DDRD crime.

The Majority finds that the crimes in the present case are not logically related to the prior charges as they do not involve the same conduct. It focuses on the nature of the criminal acts: possession of a controlled substance and DDRD. However, "[a] logical relationship is not conditioned upon the duplication of identical criminal acts[,]" but exists where there is substantial duplication of issues of law and fact. *Id.*

In the present case, I would conclude that the charges arose out of the same criminal episode as evidenced by the substantial duplication of law and

facts shared by the two cases.[1]  The same detective investigated both crimes, the same lab technician analyzed the narcotics in both cases, and both cases were prosecuted by the same assistant district attorney.  There was only a four-hour time difference from when police arrived to investigate the overdose death and when Appellant was arrested.  The police were only led to Appellant in the possession case because they were investigating the overdose death. Appellant's arrest following the controlled buy was part and parcel of identifying and arresting the person responsible for the victim's death.  The criminal complaint in this case evinces the interconnectedness of Appellant's two cases.  *See* Affidavit of Probable Cause, 9/18/17.  Information related to the possession case made up the bulk of the affidavit identifying Appellant as the perpetrator in the DDRD case.  *Id.*

Although the Commonwealth presented additional witnesses in the DDRD case, that does not defeat the compulsory joinder rule.  "The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode[.]"  *Reid*, 77 A.3d at 582. Rather, the DDRD investigation and controlled buy were a series of occurrences that made up a single criminal episode.  *See Schmidt*, *supra*.

---

[1] As the Majority mentions, the Commonwealth filed a notice to join Appellant's cases on December 13, 2017.  The notice was untimely as it was filed after Appellant was sentenced on the possession charges.  This belated action by the Commonwealth certainly suggests that these cases should have been tried together.

On this issue, I find **Anthony** instructive. Our Supreme Court determined there was a substantial duplication of issues to bar a subsequent prosecution. **Anthony**, 717 A.2d at 1019. There, Anthony and his minor sister picked up four friends, also minors, and drove around Corry. **Id.** at 1016. The group committed a burglary while in Corry, two burglaries on their way to Erie in Union City and Waterford, and additional burglaries and thefts on their drive to Florida. **Id.** Upon their arrest, Corry police charged Anthony with offenses related to interference with child custody and corruption of minors. **Id.** These charges stemmed from Anthony transporting two minors to Florida without permission of their parents, and during that period, enticed and/or encouraged the minors to commit burglaries and thefts. **Id.** at 1016-17. He pleaded guilty and was sentenced. **Id.** at 1017

Thereafter, Pennsylvania State Police filed burglary and theft charges against Anthony which arose from the Union City burglary. **Id.** Anthony sought dismissal of the charges based on a violation of the compulsory joinder rule, which the trial court denied, and this Court affirmed the dismissal. **Id.** Our Supreme Court reversed, concluding that both sets of charges arose from the same criminal episode because there was a substantial duplication of issues and the subsequent prosecution was barred:

> The evidence to support [Anthony's] original conviction is the statement of [Anthony] as taken by Corry police; the testimony and/or statements of [the juveniles]; the parents of the juveniles; and the Corry police officers involved in the investigation. In the present prosecution all of the above witnesses will again be required to present the same testimony. Given that a high

- 7 -

percentage of the testimony from the first trial must be repeated in the second trial, a substantial duplication of factual issues is obviously present.

The only additional witnesses that would be called in the present trial, that were not needed in the first trial are the victim of the burglary and the State Police. Although two different police departments are involved there is nothing of record indicating that two different investigations were ongoing, independent of each other, which led to the two separate prosecutions. To the contrary, the Corry police were in possession of all relevant incriminating information regarding all the criminal activity set forth in both Informations prior to any involvement by the State Police. The Corry police chose to forward the information to the State Police. The dual involvement of two different law enforcement offices is not sufficient to preclude joinder of charges given the facts of this case. As for the legal issues, [Anthony's] first conviction for corrupting the morals of the minors was grounded on his encouraging and enticing the minors to commit burglaries and thefts. The second Information also charges burglary and theft, the variation in the form of the criminal charges cannot disguise the commonality of the legal issues within the two Informations. Thus, we find that the present charges did arise from the same criminal episode as the first set of charges as all of the criminal acts are temporally and logically related.

*Id.* at 1019.

Similarly, in ***Commonwealth v. George***, 38 A.3d 893 (Pa. Super. 2012), we affirmed the dismissal of charges based on a violation of the compulsory joinder rule. ***George***, 38 A.3d at 898. In 2007, George was arrested and charged with two counts of manufacture, delivery, or possession with intent to manufacture or deliver ("PWI") stemming from a controlled buy. *Id.* at 894. At the time, George provided a statement that he was involved in a drug distribution ring. *Id.* George pleaded guilty to the possession charges and was sentenced. *Id.*

Based in part on George's statement following his arrest, a statewide investigative grand jury was convened to investigate narcotics trafficking in Lackawanna County. *Id.* at 895. During the grand jury proceedings, George testified regarding the statement he provided following his 2007 arrest. *Id.* The grand jury issued a presentment recommending charges against 22 defendants, including George. *Id.* George was arrested and charged with corrupt organization and conspiracy. *Id.* at 895-96.

The trial court dismissed the corrupt organization and conspiracy charges against George based on a violation of the compulsory joinder rule, finding that the charges arose from the same criminal episode as the 2007 charges that George previously pleaded guilty to. *Id.* at 896. We affirmed the dismissal, concluding that the present charges arose from the same criminal episode as the former charges:

> [T]he present charges are intertwined with [George's] admitted criminal activity in 2006 and 2007, and for which he was prosecuted in 2007. The bulk of the grand jury evidence implicating [George] and leading to the instant prosecution referenced [George's] 2007 arrest and statement. Additionally, the evidence at the preliminary hearing on the 2010 charges arose from the same factual nucleus as the 2007 prosecution. The trial court observed that "[l]ogically, [George] should have been charged with Conspiracy and Corrupt Organizations back in 2007 when the Commonwealth became aware of his criminal activity." Trial Court Opinion, 5/18/11, at 11. We agree, and find that the conspiracy and corrupt organization charges were logically and temporally related to the earlier prosecution with intent to deliver, satisfying the second prong.

*Id.* at 898.

Here, the evidence to support Appellant's original conviction had to be repeated in the trial for the instant charges. Thus, as in **Anthony**, there was substantial duplication of factual issues. As for the legal issues, Appellant's first conviction was grounded on possession and delivery of a controlled substance (fentanyl). The second prosecution was also grounded on the possession and delivery of a controlled substance (fentanyl), with an additional charge of DDRD.

Accordingly, I find that Appellant's ineffectiveness claim that counsel should have challenged the DDRD prosecution as a violation of the compulsory joinder rule has arguable merit because the overdose death and possession crimes arose from the same criminal episode.

Trial counsel had no reasonable basis for failing to raise this issue as there could not have been an alternative strategy as the case would not have been prosecuted. Appellant was prejudiced by trial counsel's inaction because he was convicted of charges that should have been barred under the compulsory joinder rule.

Therefore, I would conclude that trial counsel was ineffective and would grant PCRA relief.

I respectfully dissent.